UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE E. WADKINS, | ) | 1:08-CV-01807 AWI SMS HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION |
| v. | ) ) | TO DISMISS |
| | ) | [Doc. #10] |
| MICHAEL EVANS, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on October 6, 2000, of two counts of lewd and lascivious conduct with a child under age 14 in violation of Cal. Penal Code § 288(a). (LD 1.[1]) As to both counts, the jury found true the allegations that Petitioner had suffered three prior felony strike convictions within the meaning of California's

---

[1]"LD" refers to the documents lodged by Respondent with his motion to dismiss.

Three Strikes Law. (LD 2.) The jury also found true the allegations that Petitioner had suffered three prior sex offenses within the meaning of Cal. Penal Code §§ 667.71(a); 667.6(a), and 667.51. (LD 2.) On November 6, 2000, he was sentenced to serve an aggregate indeterminate term of 155 years to life in state prison. (LD 2.)

Petitioner appealed the judgment to the California Court of Appeals, Fifth Appellate District. On September 4, 2002, the appellate court affirmed the judgment. (LD 2.) On October 4, 2002, Petitioner filed a petition for review in the California Supreme Court. (LD 3.) The California Supreme Court denied the petition on November 13, 2002. (LD 4.)

Petitioner filed eleven post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Tulare County Superior Court
   Filed: April 22, 2003[2];
   Denied: August 29, 2003;

2. California Court of Appeals, Fifth Appellate District
   Filed: October 9, 2003;
   Denied: October 30, 2003;

3. Tulare County Superior Court
   Filed: September 20, 2006;
   Denied: October 10, 2006;

4. California Court of Appeals, Fifth Appellate District
   Filed: March 8, 2007;
   Denied: March 22, 2007;

5. California Supreme Court
   Filed: April 18, 2007;
   Denied: September 12, 2007;

6. Tulare County Superior Court
   Filed: October 27, 2007;
   Denied: December 6, 2007;

7. California Court of Appeals, Fifth Appellate District
   Filed: January 14, 2008;
   Denied: February 7, 2008;

---

[2] Pursuant to the mailbox rule set forth in Houston v. Lack, the Court deems the several habeas petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their receipt by the court clerk. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

| | | |
|---|---|---|
| 8. | Tulare County Superior Court<br>Filed: February 5, 2008;<br>Denied: February 14, 2008; | |
| 9. | California Court of Appeals, Fifth Appellate District<br>Filed: March 19, 2008;<br>Denied: April 3, 2008; | |
| 10. | California Supreme Court<br>Filed: March 19, 2008;<br>Denied: August 27, 2008; | |
| 11. | California Supreme Court<br>Filed: May 7, 2008;<br>Denied: August 27, 2008. | |

(LD 5-24.)

On November 25, 2008, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On March 6, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed his opposition to Respondent's motion to dismiss on April 7, 2009, and Respondent filed his reply to Petitioner's opposition on April 22, 2009.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 25, 2008, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme

Court on November 13, 2002. Thus, direct review concluded on February 11, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until February 11, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until November 25, 2008, nearly five years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on February 12, 2003, and expired on February 11, 2004. However, Petitioner filed his first state habeas petition on April 22, 2003, in the Tulare County Superior Court. At that point, 69 days of the limitations period had elapsed. Because the petition was properly filed, the statute of limitations is tolled for the time this petition was pending. The petition was denied on August 29, 2003. Petitioner next filed a state habeas petition in the California Court of Appeals, Fifth Appellate District, on October 9, 2003. Respondent does not argue against tolling the interval between these two petitions. Further, Respondent concedes the

limitations period was tolled during the pendency of the second petition in addition to the first. The second petition was denied on October 30, 2003. The third petition was filed in the Tulare County Superior Court on September 20, 2006. The interval between the second and third petitions should not be tolled because Petitioner was not progressing to the next state appellate level. As stated above, the Supreme Court has stated that the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition *at the next level of the state court system*. Carey, 536 U.S. at 215; see also Delhomme v. Ramirez, 340 F.3d 817, 819-820 (9th Cir.2003). In addition, the delay in filing the third petition was clearly untimely. Since Petitioner was not proceeding in an orderly progression to the next appellate level and the interval was clearly untimely, he is not entitled to tolling for this interval. Therefore, the statute of limitations resumed on October 31, 2003, with 296 days remaining in the limitations period (365 - 69 = 296). Accordingly, the limitations period ended on August 22, 2004. The third petition was filed well after the limitations period expired and therefore had no tolling consequences. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Likewise, all subsequent petitions did not operate to toll the statute of limitations. The instant petition remains untimely.

D.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(1)(D)

In his opposition, Petitioner argues he should be entitled to a later start date for the statute of limitations because of "newly discovered evidence." Title 28 U.S.C. § 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), quoting, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000).

Petitioner's claim for a later start date is meritless. First, he fails to specify the evidence to which he is referring, when he acquired it, and why it was necessary to his petition. Second, as

Respondent points out, the claims raised in the federal petition were raised in habeas proceedings dating to 2003. Third, all evidence submitted with his federal petition was available in 2003. The declarations from other persons are dated in 2003. The State Bar "complaint" against defense counsel occurred in 2001 and was available at least since 2003. Indeed, the declarations and complaint were presented in the first habeas petition in 2003 to the Tulare County Superior Court. Therefore, Petitioner is not entitled to a later start date and his petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be

submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:　　May 6, 2009**　　　　　　　　　　　　　　**/s/ Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE